UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **WAYNE HOLROYD**, <br><br> Defendant. | Criminal No. 17-234-2 (TNM) |

**MEMORANDUM OPINION**

Before the Court is Defendant Wayne Holroyd's Motion for Release Pending Trial. [Dkt. #20] Upon consideration of Defendant's motion, legal memoranda filed by the Government, Magistrate Judge Meriweather's Detention Memorandum, and the oral proffers of both defense counsel and the Government, I deny Mr. Holroyd's Motion for Release for the reasons expressed below.

**I. Background**

Mr. Holroyd has been charged by Indictment with one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Heroin, in violation of 21 U.S.C. § 846, and four counts of Unlawful Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The United States requested a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C). Magistrate Judge Meriweather held a detention hearing on December 13, 2017, and concluded that Mr. Holroyd should be held without bond pending trial. [Dkt. #19] Mr. Holroyd then requested a bond review hearing, filing the instant motion in support of release. [Dkt. #20] The Government then responded with a Memorandum in Opposition. [Dkt. #21] I held a bond hearing on January 3, 2018, and concluded on the record that Mr. Holroyd should not be released, noting that this memorandum would follow. Min. Entry. Jan. 3, 2018.

## II. Legal Standards

When there is probable cause to believe that a defendant committed certain offenses, a rebuttable presumption applies "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(B). An indictment alone is sufficient to trigger this presumption. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Once the rebuttable presumption has been triggered, "the presumption operate[s] *at a minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985) (emphasis in original). Furthermore, "even if the defendant offers evidence to counter the presumption, the presumption does not disappear entirely." *United States v. Hunt*, 240 F. Supp. 3d 128, 132. Instead, the "presumption is incorporated into the other factors . . . in determining whether to grant a conditional release and is given substantial weight." *United States v. Cherry*, 221 F. Supp. 3d 26, 32 (D.D.C. 2016) (quoting *United States v. Ali*, 793 F. Supp. 2d 386, 391 (D.D.C. 2011)); *see also United States v. Hite*, 76 F. Supp. 3d 33 (D.D.C. 2014) (detaining the defendant even though the defendant had presented enough evidence to rebut a presumption of detention).

Under the Bail Reform Act, I must consider four factors in determining whether any conditions of release will reasonably assure a defendant's future presence in court or assure the safety of any other person and the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *Xulam*, 84 F.3d at 442. The ultimate inquiry is whether "no condition or combination of conditions will reasonably assure

the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). If the answer is indeed that no combination of conditions could accomplish those goals, then detention must be ordered pending trial. *Id.*

### III. Analysis

The United States seeks detention on the basis of the danger that Mr. Holroyd poses to the community. My analysis of that detention request is guided by the rebuttable presumption and the four factors set forth in Section 3142(g) of the Bail Reform Act. *See United States v. Little*, 235 F. Supp. 3d 272, 277–78 (D.D.C. 2017); *United States v. Muschetta*, 118 F. Supp. 3d 340, 343–44 (D.D.C. 2015). After weighing the statutory factors and considering the rebuttable presumption of detention, I conclude that there are no release conditions that would reasonably assure the safety of the community. Therefore pretrial detention is appropriate.

Mr. Holroyd's indictment establishes probable cause to believe that Mr. Holroyd has committed the charged offenses. *See* 18 U.S.C. § 3142(e)(3)(A) (presumption arises on a finding of probable cause to believe the accused violated the Controlled Substances Act and is subject to a maximum term of imprisonment of ten years or more); *Smith*, 79 F.3d at 1210 (holding that an "indictment [on a covered offense] alone [is] enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community"). Mr. Holroyd faces charges which easily exceed ten years: one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Heroin, in which Mr. Holroyd's conduct involved alleged violations which carry a maximum term of imprisonment of 20 years, *see* 21 U.S.C. § 841(b)(1)(C), and a maximum term of imprisonment of life, *see* 21 U.S.C. § 841(b)(1)(A)(iii); and four counts of Unlawful Distribution of Cocaine base, which carry a maximum term of imprisonment of 20 years, *see* 21 U.S.C. § 841(b)(1)(C). Accordingly, the Court's analysis commences with the

rebuttable presumption that there is no condition or combination of conditions which will reasonably assure the safety of the community.

Furthermore, three of the four factors codified at Section 3142(g) of the Bail Reform Act favor detention.

The first factor, the nature and circumstances of the offense, favors detention. Mr. Holroyd has been indicted for serious narcotics trafficking charges. Although the alleged crimes do not involve weapons or violence, the offense triggers a statutory presumption of detention. *See* 18 U.S.C. § 3142(e)(3)(A). Three circumstances surrounding the charged offenses are particularly troubling to me. First, the Government proffers that Mr. Holroyd offered to assault people in a conversation with an undercover officer. Second, significant evidence suggests that Mr. Holroyd may be a ringleader in the alleged drug trafficking conspiracy. Investigators believe that Mr. Holroyd only sold crack cocaine in larger amounts. If Mr. Johnson had a customer that sought crack cocaine in amounts larger than what Mr. Johnson sold, investigators believed that Mr. Johnson would coordinate with Mr. Holroyd and bring customers to Mr. Holroyd for the sale. Third, through a search warrant executed on December 7, 2017, officers recovered approximately 20 grams of crack cocaine from Mr. Holroyd's apartment—a substantial amount. Therefore the nature and circumstances of the offense weigh in favor of detention.

The second factor, the weight of the evidence, also favors detention. As mentioned above, during the execution of a search warrant, the Government recovered 20 grams pf cocaine from Mr. Holroyd's apartment. Mr. Holroyd was present for several controlled buys that occurred between Mr. Johnson and the undercover officer, suggesting some level of involvement in those transactions. On October 27, 2016, Mr. Holroyd drove Mr. Johnson to a meeting with the undercover officer, who had arranged for the purchase of an ounce of crack cocaine from Mr.

4

Johnson. In addition, from December 2016 to the spring of 2017, the FBI, with court authorization, intercepted communications on a cell phone used by Mr. Holroyd. The communications intercepted showed Mr. Holroyd speaking with co-defendants and, *inter alia*, sending customers to the home of Nicole Redd, a co-Defendant in this matter, to pick up the drugs that he had sold. Mr. Holroyd also was intercepted arranging a drug transaction with another co-Defendant, Harry Keels ("Mr. Keels"). After being pulled over by officers, Mr. Keels called Mr. Holroyd and stated that the officers had not found the drugs and that he was tired of Mr. Holroyd shorting him when he bought narcotics from Mr. Holroyd. In other words, the weight of the evidence showing unlawful drug trafficking by Mr. Holroyd is overwhelming.

The third factor, which considers a defendant's history and characteristics, narrowly favors release. Mr. Holroyd has lifelong ties to D.C., and Magistrate Judge Meriweather noted that his mother is willing to allow Mr. Holroyd to live with her. Although Mr. Holroyd has a prior criminal history that includes convictions on drug related charges, including convictions from 2000 for possession of both cocaine and marijuana with intent to distribute, Mr. Holroyd's prior record is from more than 15 years ago, and as a result, does not carry the same weight as would more recent convictions. Mr. Holroyd appears to have successfully completed any probation or supervision that followed his prior convictions. On balance, I narrowly conclude that Mr. Holroyd's history and characteristics weigh in favor of release.

Finally, the fourth factor, the nature and seriousness of any danger to the community, favors detention. As I have already noted, I am troubled by the fact that Mr. Holroyd has made an offer of assault, that he is a potential ringleader in this drug conspiracy case, and that 20 grams of cocaine were discovered in his apartment. The distribution of large quantities of narcotics into the community poses a significant danger to communal safety. In light of the presence of narcotics in

5

Mr. Holroyd's home when it was searched, there is a substantial risk that Mr. Holroyd would introduce narcotics into the community if he were released. The Court also has seriously considered Mr. Holroyd's contention that any risk of dangerousness may be mitigated by placement in the High Intensity Supervision Program ("HISP"). However, the Court does not find that those restrictions are enough to overcome the presumption of detention and the weight of the other factors. Although HISP may require home confinement or a curfew, narcotics can be sold from one's home at any hour. I also note that the Defendant appears to have utilized his significant ties to the community to aid the charged drug conspiracy.

In sum, no conditions would reasonably assure the safety of the community if Mr. Holroyd were released. Mr. Holroyd has not presented evidence that rebuts the presumption of dangerousness, and three of the four relevant statutory factors support pretrial detention.

### III. Conclusion

For the foregoing reasons, the Court finds, by clear and convincing evidence, that pretrial detention is warranted because Mr. Holroyd presents a danger to the community. Having reviewed and weighed all of the evidence and the factors set forth in 18 U.S.C. § 3142(g), and considered all of the lesser restrictive alternatives to pretrial detention, this Court concludes that no condition nor combination of conditions would reasonably ensure the safety of the community if Mr. Holroyd were released. Therefore, the Court DENIES Mr. Holroyd's Motion for Release Pending Trial.

**SO ORDERED.**

Dated: January 4, 2018

/s/
TREVOR N. MCFADDEN
United States District Judge