UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**WAYNE HOLROYD**,<br><br>Defendant. | Case No. 1:17-cr-00234-2 (TNM) |

## MEMORANDUM AND ORDER

Wayne Holroyd is serving a 120-month prison sentence for conspiracy to distribute and possess with intent to distribute more than 280 grams of a mixture or substance containing a detectable amount of cocaine base.  Judgment at 1–2,[1] ECF No. 198; *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846.  He resides at the Federal Correctional Institution ("FCI") in Ashland, Kentucky.

Two months ago, Holroyd moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  He originally filed the motion *pro se*, but the Court appointed the Federal Public Defender ("the FPD") to represent him and reply on his behalf, which it did.  *See* Def.'s Mot., ECF No. 224; Def.'s Reply in Supp. of Original Mot., ECF No. 228; Def.'s Renewed Mot., ECF No. 231.  The Court denied the motion, *United States v. Holroyd*, --- F. Supp. 3d ---, 2020 WL 2735664 (D.D.C. May 26, 2020), and a few days later Holroyd (through the FPD) appealed that decision.  Notice of Appeal, ECF No. 234.  That appeal is pending, *see* No. 20-3041 (D.C. Cir.), but Holroyd has now filed a *pro se* motion for reconsideration of the decision he is appealing.  Def.'s Mot. for Reconsid., ECF No. 237.  Having reviewed Holroyd's brief, the relevant law, and the entire record of the case, the Court will deny this motion.

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

I.

Holroyd's conspiracy conviction stems from his involvement in a drug trafficking ring. Gov't Proffer of Proof at 4, ECF No. 93. Among other actions, he supplied a co-conspirator with crack cocaine, who in turn sold the drugs to an undercover officer. *Id.* Holroyd admitted "that he joined and assisted in the drug trafficking conspiracy knowing that the primary purpose of the conspiracy was to distribute and possess with the intent to distribute more than 280 grams of suspected crack cocaine." *Id.* A grand jury indicted Holroyd on the conspiracy charge and five substantive counts of distributing cocaine base, and he pled guilty to the former in exchange for the Government dismissing the substantive counts. Plea Agreement at 1–2, ECF No. 92.

Before Holroyd's plea, the Court ordered Holroyd detained, finding that he posed a danger to the community, in large part because of the serious and harmful nature of the charged conduct. Mem. Op. at 4–6, ECF No. 23. The Court ultimately sentenced him to 120 months in prison—the mandatory minimum under 21 U.S.C. §§ 841(b)(1)(A)(iii), 846—and 60 months of supervised release. Judgment at 2–3. His projected release date is in 2026. Gov't Opp'n to Original Mot. Ex. D at 1, ECF No. 226-4.

Citing COVID-19, Holroyd twice asked the warden at FCI Ashland to move for compassionate release on his behalf, to no avail. Def.'s Reply in Supp. of Original Mot. Ex. A at 2–4, ECF No. 228-2. He then asked this Court for compassionate release, stressing that his health conditions make him vulnerable to the COVID-19 virus. *See* Def.'s Renewed Mot. at 1. The Court denied Holroyd's motion, finding that COVID-19 did not present an "extraordinary and compelling" reason for reducing his sentence to time served, that he still posed a danger to the community, and that the sentencing factors under 18 U.S.C. § 3553(a) still supported the original prison term of 120 months. *Holroyd*, 2020 WL 2735664, at *3–7. The Court made

clear that each finding—standing alone—was a sufficient reason to deny compassionate release. *See id*. at *2 & n.4, *5–6.

Holroyd, through the FPD, is appealing that decision. Notice of Appeal at 1; No. 20-3041 (D.C. Cir.). But he has also filed a *pro se* motion for reconsideration of the denial. The Government has not responded to this motion, but the Court will not hold this against the Government, as the motion is duplicative of the pending appeal and plainly without merit.

## II.

As the Court explained in its original decision, *see Holroyd*, 2020 WL 2735664, at *2 & n.3, a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the Commission's applicable policy statement, a court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . (1)(A) Extraordinary and compelling reasons warrant the reduction . . . (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement." USSG § 1B1.13.

Holroyd has the burden of establishing that he is eligible for a sentence reduction under § 3582(c)(1)(A)(i). *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)).

Because Holroyd is appealing the Court's original decision, a question arises whether the Court has jurisdiction to entertain his simultaneous motion for reconsideration. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. Jackson*, --- F. Supp. 3d ---, ---, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). But the law is clear that district courts maintain some authority over motions filed during an appeal. In *United States v. Cronic*, 466 U.S. 648 (1984), the Supreme Court held that a district court had jurisdiction to entertain a motion for new trial—even though the case was pending on direct appeal—and could "either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *Id.* at 667 n.42.

Federal Rule of Criminal Procedure 37 codifies this principle. It provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The Court will thus consider Holroyd's motion for reconsideration on its merits. *Accord Jackson*, 2020 WL 3402391, at *4.

And though the Federal Rules of Criminal Procedure contain no provision governing motions for reconsideration, these motions are "ordinary elements of federal practice" that "permit district judges to correct their oversights and errors." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)). Denying a motion for reconsideration is appropriate when it raises arguments already rejected. *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013); *cf. Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (noting that Federal Rule of Civil Procedure 59(e) "may not be used to

4

relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment").

Some courts have granted these motions "as justice requires." *Hemingway*, 903 F. Supp. 2d at 12. Under this standard, relief may be warranted "where a court patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data, or where a controlling or significant change in law has occurred." *Id.* at 12–13 (cleaned up); *cf. Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting that a motion under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (cleaned up)).

### III.

Nothing in Holroyd's motion for reconsideration leads the Court to second-guess its original decision, either as a matter of law or as a matter of justice.

Holroyd first disputes the notion that he poses a danger to the community, an issue the Court has now considered three times—in its order denying pretrial release, at sentencing, and in its ruling denying compassionate release. *Holroyd*, 2020 WL 2735664, at *6. At this fourth time of asking, Holroyd's arguments are no more convincing. For example, he characterizes himself as a "non-violent offender," Def.'s Mot. for Reconsid. at 1, but as the Court has explained, "a drug dealer need not himself be violent to fuel violence in the community." *Holroyd*, 2020 WL 2735664, at *6. The drug trade can—and often does—cause violence, death, and addictions in the community, especially when done on a large scale.

Holroyd also suggests that he poses no danger because he is remorseful and will live in a new neighborhood if released. *See* Def.'s Mot. for Reconsid. at 1–2. While the Court does not

5

question his sincerity, it does not overcome countervailing factors. Holroyd was a mid-level dealer in a drug trafficking conspiracy that distributed large quantities of cocaine. *Holroyd*, 2020 WL 2735664, at *6. His prior convictions were drug-related, so the Court remains concerned that his criminal conduct marks a return to troubling behavior. *Id.* Holroyd's vow to live in a new neighborhood is little comfort, as narcotics can be sold anywhere, including from the home. *Id.* Because the Court still finds that Holroyd poses a danger to the community, his request for compassionate release cannot succeed. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13(2).

Holroyd next reiterates that he has medical conditions making him more vulnerable to the virus, and he argues that the conditions at FCI Ashland are unsafe. *See* Def.'s Mot. for Reconsid. at 2–4. The Court is sympathetic to Holroyd's fears and it takes notice of the serious threat that the COVID-19 pandemic poses, but the circumstances here do not present "extraordinary and compelling reasons" for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). As the Court explained, the Bureau of Prisons has been taking measures to protect its inmates, which mitigates the risks to Holroyd and others. *Holroyd*, 2020 WL 2735664, at *3. And release here is particularly inappropriate given the serious nature of Holroyd's crime, the danger he poses to the community, and the risk that probation officers would be unable to supervise him adequately during the pandemic. *Id.* at *4–5.

Holroyd states that "FCI Ashland is not COVID-19 free," Def.'s Mot. for Reconsid. at 2, but this contradicts his earlier representation that FCI Ashland has had no positive cases, *see* Def.'s Reply in Supp. of Original Mot. at 38. Even if FCI Ashland gained positive cases in the time between the Court's original decision and Holroyd's motion for reconsideration, this still does not warrant release. As the Court has observed, if Holroyd's risk of contracting the virus at FCI Ashland is as high as he suggests, releasing him would potentially inject a carrier into the

6

community.  *Holroyd*, 2020 WL 2735664, at *4.  And, of course, Holroyd faces some risk of contracting COVID-19 whether he is in prison or not.  *Id.*

Finally, Holroyd objects to his 120-month prison sentence, *see* Def.'s Mot. for Reconsid. at 3, even though that was the mandatory minimum for his conspiracy conviction, *see supra* Section I.  Holroyd suggests that he was eligible for safety-valve relief and thus could have received a sentence below the mandatory minimum.  But this does not bear on whether Holroyd is eligible for compassionate release.  The statute governing compassionate release directs the Court to consider the factors set forth in 18 U.S.C. § 3553(a), but it says nothing about considering whether the defendant might have been eligible for safety-valve relief under 18 U.S.C. § 3553(f).  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  And as the Court explained in its original decision, the balance of factors under § 3553(a) still supports a 120-month prison sentence, which is a sufficient reason to deny compassionate release.  *Holroyd*, 2020 WL 2735664, at *6–7; *see United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020).[2]

### IV.

For all these reasons, it is hereby

**ORDERED** that the Defendant's [237] Motion for Reconsideration is DENIED.  *See* Fed. R. Crim. P. 37(a)(2).

Dated:  July 23, 2020

TREVOR N. McFADDEN
United States District Judge

---

[2]  In a separate motion under 28 U.S.C. § 2255, Holroyd alleges that his lawyer provided ineffective assistance in failing to appeal his original sentence, and he asks the Court to resentence him so that he can file a direct appeal.  *See* Mot. to Vacate Sentence at 1, 4, 12, ECF No. 223.  The Government's response to this motion is currently due on August 6, *see* Min. Order (June 22, 2020), so the motion is not yet ripe and not at issue here.