**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **WAYNE HOLROYD**, <br><br> Defendant. | Case No. 1:17-cr-00234-2 (TNM) |

**MEMORANDUM AND ORDER**

Wayne Holroyd is serving a 120-month prison sentence for conspiracy to distribute and possess with intent to distribute more than 280 grams of a mixture or substance containing a detectable amount of cocaine base.  Judgment at 1–2, ECF No. 198; *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846.[1]  He resides at the Federal Correctional Institution ("FCI") in Ashland, Kentucky.

The Court has previously rejected Holroyd's motion for compassionate release, as well as two *pro se* motions for reconsideration.  Before the Court is Holroyd's third *pro se* motion for reconsideration.  Having reviewed Holroyd's filings, the relevant law, and the entire record of the case, the Court will deny this motion.

**I.**

The factual background of this case is well-documented elsewhere.  *See United States v. Holroyd*, 464 F. Supp. 3d 14, 16–17 (D.D.C. 2020) ("*Holroyd I*"); *United States v. Holroyd*, No. 17-cr-00234-2-TNM, 2020 WL 4219823, at *1–*2 (D.D.C. July 23, 2020) ("*Holroyd II*").  The

---

[1]  All page citations refer to the page numbers that the CM/ECF system generates.

Court briefly recounts only the procedural history relevant to his pending motion for reconsideration.

In April 2020, Holroyd moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Holroyd's motion was filed *pro se* but supplemented by appointed counsel. *See* Def.'s Mot., ECF No. 224; Def.'s Reply in Supp. of Original Mot., ECF No. 228; Def.'s Renewed Mot., ECF No. 231. The Court denied the motion, *Holroyd I*, 464 F. Supp. 3d at 22, as well as Holroyd's subsequent *pro se* motion for reconsideration, *Holroyd II*, 2020 WL 4219823, at *4. Both decisions were affirmed on appeal.[2] *See United States v. Holroyd*, 825 Fed. App'x 1 (D.C. Cir. 2020). Holroyd then filed a second *pro se* motion for reconsideration, which the Court also denied. *See* 10/13/2020 Min. Order.

Two months after the denial of his second motion for reconsideration, Holroyd sent the Court a letter stating that FCI Ashland "has contracted a large percentage of COVID-19 cases." 12/3/2020 Letter at 1, ECF No. 257. He asserted that the facility was not taking adequate safety precautions and that he could not protect himself. *Id.* Holroyd also explained that he is "not a bad candidate for release" because he had "successfully completed parole," "was employed" before his arrest, had "clear conduct for 9 months prior to [his] arrest," and is "41 years old." *Id.* The Court construed the letter as a motion for compassionate release and accordingly, ordered the Government to respond. *See* 12/3/2020 Min. Order.

Holroyd then sent the Court a "Letter to Withdraw," stating that the previous letter he had sent was an "update" on the COVID-19 outbreak at FCI Ashland rather than a motion. 1/29/2021 Letter, ECF No. 264. At the same time, he also submitted a "Memorandum for

---

[2] The D.C. Circuit has since denied Holroyd's petition for rehearing en banc. *See* Per Curiam Order, No. 20-3041 (D.C. Cir. Jan. 19, 2021).

Reconsideration of Compassionate Release," which the Court construes as a motion for reconsideration of its previous denial of Holroyd's motion for compassionate release.  Mot. for Recons., ECF No. 265.

## II.

As the Court has explained before, *see Holroyd I*, 464 F. Supp. 3d at 17 & n.3; *Holroyd II*, 2020 WL 4219823, at *2, a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Under the Commission's applicable policy statement, a court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . (1)(A) Extraordinary and compelling reasons warrant the reduction . . . (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13.

The burden is on Holroyd to establish that he is eligible for a sentence reduction.  *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)).  Motions for reconsideration "permit district judges to correct their oversights and errors." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)).  Some courts have also granted these motions "as justice requires."  *United*

*States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013).[3]  It is appropriate for a court to deny a motion for reconsideration when it raises arguments that the court has already rejected. *Id.*

## III.

In his letter and motion for reconsideration,[4] Holroyd mainly argues that he should be released based on the COVID-19 pandemic and his health conditions that put him at an increased risk of serious illness.  *See* 12/3/2020 Letter; Mot. for Recons. at 1–2.  He also contends that he successfully completed parole, was employed before his arrest, and had clear conduct for nine months before his arrest.  *See* 12/3/2020 Letter; Mot. for Recons. at 3.  Holroyd also explains that there has been a significant lapse in time since his predicate convictions, that his most recent conviction was not for a "crime[] of violence," and that he has "no violent history."  Mot. for Recons. at 3–4.  Nothing in Holroyd's new filings persuades the Court to revisit its prior decisions.

*First*, the Court does not doubt the serious risks posed by the COVID-19 pandemic. *Holroyd I*, 464 F. Supp. 3d at 18 ("The COVID-19 pandemic has emerged as a global and national health emergency.").  "[L]ike other judges in this District and across the country, the Court takes notice of the real and serious threat that the COVID-19 pandemic poses."  *Id.*  But the Court also notes that the pandemic presents a risk that everyone is facing.  And the evidence

---

[3]  Under the "as justice requires" standard, relief may be available "where a court patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data, or where a controlling or significant change in law has occurred."  *Hemingway*, 930 F. Supp. 2d at 12–13 (cleaned up).

[4]  Although Holroyd moved to withdraw his previous letter, the Court, in an abundance of caution, considers the arguments raised there besides those raised in his new motion for reconsideration.

shows that the Government is doing what it can to protect inmates and staff.  Gov't Resp. at 6–7, ECF No. 260.

Among other preventative measures, FCI Ashland provides inmates with personal protective equipment, conducts testing according to Centers for Disease Control and Prevention guidelines, has implemented an "enhanced sanitation plan," uses "isolation, quarantine, and recovery areas," and has medical staff conduct daily rounds.  *Id.*  These measures seem to be working.  Publicly available information shows that today only one inmate and six staff currently have the virus; although there have been six inmate deaths, there have been zero staff deaths and 343 inmates and 56 staff have recovered.[5]

The Court has previously considered Holroyd's argument that his health conditions make him more vulnerable to the virus.  *Holroyd I*, 464 F. Supp. 3d at 18–19; *Holroyd II*, 2020 WL 4219823, at *3.  But the Court found that they did not present "extraordinary and compelling reasons" for reducing his sentence.  *Holroyd I*, 464 F. Supp. 3d at 19.  The Government asserts (and Holroyd does not appear to contest) that his medical conditions have not changed since the Court first denied Holroyd's motion for compassionate release.  *See* Gov't Resp. at 8.  Upon review of the medical records that the Government submitted under seal, *see* Gov't Ex. B, ECF No. 262, it appears that the Government is correct that Holroyd "has not been diagnosed with any new conditions that would place him at increased risk of severe illness from COVID-19," Gov't Resp. at 8.

*Second*, nothing in Holroyd's filings changes the Court's prior determinations that Holroyd would be a danger to the community if released.  *See Holroyd I*, 464 F. Supp. 3d at 18–

---

[5]  *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last visited February 12, 2021).

20 ("The Court thus finds that the seriousness of Holroyd's offense and the danger he poses cut against the existence of 'extraordinary and compelling reasons' under 18 U.S.C. § 3582(c)(1)(A)(i)." (cleaned up)); *id.* at 19–20 (noting that the Court denied Holroyd's motion for pretrial release because he was "indicted for serious narcotics trafficking charges" and may have been "a ringleader" in a drug conspiracy (cleaned up)).

Holroyd's arguments here were raised in his prior motions and have already been rejected by the Court. *See* Gov't Resp. at 8; *Holroyd II*, 2020 WL 4219823, at *3 (rejecting Holroyd's argument that he is not a danger to the community, explaining that the Court had "considered three times—in its order denying pretrial release, at sentencing, and in its ruling denying compassionate release" and that "[a]t this fourth time of asking, Holroyd's arguments are no more convincing"). "Because the Court still finds that Holroyd poses a danger to the community, his request for compassionate release cannot succeed." *Id.*

Thus, the Court will deny Holroyd's third *pro se* motion for reconsideration.[6]  His arguments have been considered and rejected by this Court several times.  Holroyd provides no reason to displace those decisions.

---

[6] Were the Court to treat Holroyd's filings as presenting a motion for compassionate release, rather than a motion for reconsideration, the outcome here would not change.  The Court would deny the motion for the same reasons explained in this and previous decisions.

**IV.**

For all these reasons, it is hereby

**ORDERED** that the Defendant's [265] Motion for Reconsideration is DENIED.


Dated: February 12, 2021                    _____

TREVOR N. McFADDEN, U.S.D.J.