UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**WAYNE HOLROYD**,<br><br>Defendant. | Case No. 1:17-cr-00234-2 (TNM) |

**MEMORANDUM ORDER**

In October 2018, Wayne Holroyd pled guilty to conspiracy to distribute and possession with intent to distribute over 280 grams of cocaine base. *See* Plea Agreement, ECF No. 92. This Court sentenced him to 120 months in prison. *See* Judgement at 1–2, ECF No. 198.[1] Holroyd is currently imprisoned at United States Penitentiary Hazelton (USP Hazelton).

Before the Court is another motion from Holroyd for compassionate release under 18 U.S.C. § 3582(c). This is his eighth request for compassionate release. The Court has rejected all prior requests and does so again here.

I.

The Court's previous orders recount the relevant facts. *See United States v. Holroyd*, 464 F. Supp. 3d 14, 16-17 (D.D.C. 2020) (*Holroyd I*); *United States v. Holroyd*, No. 17-CR-00234-2-TNM, 2020 WL 4219823 at *1-*2 (D.D.C. July 23, 2020) (*Holroyd II*). The relevant procedural history is this: The Court denied Holroyd's first motion for compassionate release, *see Holroyd I*, 464 F. Supp. 3d at 22, and his motion for reconsideration of that decision, *see Holroyd II*, 2020 WL 4219823, at *4. The D.C. Circuit affirmed both decisions. *See United States v. Holroyd*,

---

[1] All page numbers refer to the pagination created by the Court's CM/ECF system.

825 F. App'x 1 (D.C. Cir. 2020). Since then, Holroyd has filed numerous motions for compassionate release. Most recently, the Court denied in April another such motion. *See* Order Denying Mot. for Compassionate Release ("Order Denying Mot.") at 3, ECF 299.

Now before the Court is Holroyd's latest *pro se* motion for compassionate release. *See* ECF No. 300 (Mot.). The Court also considers a recent filing in which he describes a heart attack he suffered in July. *See* ECF No. 317 (Filing).

## II.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment if (1) "extraordinary and compelling reasons" and (2) "the factors set forth in" 18 U.S.C. § 3553(a) warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A). Holroyd bears the burden of establishing "extraordinary and compelling" grounds for release. *See Holroyd I*, 464 F. Supp. at 17.

## III.

Holroyd raises a host of arguments. *First*, he contends that the Court "is unaware of the mishandling of COVID-19" in prisons and suggests that he would be safer from the virus outside prison. Mot. at 1. This argument is familiar. The Court has repeatedly rejected the risk of COVID as a basis for release. *Holroyd I*, 464 F. Supp. 3d at 19; *Holroyd II*, 2020 WL 42199823 at *3; Order Denying Mot. at 3. As previously stated, "the Court takes notice of the real and serious threat that the COVID-19 pandemic poses" and remains mindful of it. *Holroyd I*, 464 F. Supp. 3d at 19. But this alone does not alone present an "extraordinary and compelling" reason for release. *See e.g., United States v. Jenkins*, No. 17-CR-00233-TNM, 2022 WL 1136060 at *3 (D.D.C. Apr. 18, 2022). Holroyd's vague assertion that the Bureau of Prisons (BOP) is "mishandling" the pandemic does not cause the Court to reconsider. In fact, USP Hazelton has

2

COVID under control; there are zero cases there.[2]  The Court is therefore unconvinced that incarceration substantially increases Holroyd's risk of contracting the virus.

*Second*, Holroyd argues that his medical conditions warrant his release.  He suffers from hypertension and obesity and asserts that prison conditions prevent him from getting healthy.  *See* Mot. at 1.  As the Court has repeatedly said, those conditions do not warrant compassionate release.  *Holroyd I*, 464 F. Supp 3d at 19; *Holroyd II*, 2020 WL 42199823 at *4.  Nothing in Holroyd's new motion has swayed the Court to reconsider its prior decisions.

Holroyd's heart attack is a slightly different matter.  The Court credits his representation that he suffered a heart attack in July of this year.  *See* Emergency Mot. at 2.  Medical records submitted by him confirm that doctors deployed CPR and defibrillated him at the time.  *See id.* at 12.  This is undoubtedly a serious incident that the Court does not take lightly.  But it is not "extraordinary and compelling."  According to the Centers for Disease Control, an American has a heart attack every 40 seconds.[3]  Faced with those statistics, the Court cannot find that one heart attack justifies release from prison.  *Cf. United States v. Jackson*, 26 F.4th 994, 1002 (D.C. Cir. 2022) (finding obesity not an extraordinary circumstance given that the nation "suffers from an epidemic of obesity").  Holroyd is not the first inmate to have a heart attack in prison, and other courts have denied compassionate release to inmates who like him suffered a heart attack in prison.  *See United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022); *United States v. Austin*, 825 F. App'x 324, 325 (6th Cir. 2020).

---

[2] *See USP Hazelton*, Fed. Bureau of Prisons (*last accessed* Sep. 12, 2022) https://www.bop.gov/coronavirus/.

[3] *See Heart Disease Facts*, CDC (*last accessed* Sep. 13, 2022) https://www.cdc.gov/heartdisease/facts.htm.

More, the Court has consistently found in prior orders (and again here, *see infra* Section III.B) that Holroyd "pled guilty to a serious crime and still poses a danger to the community," *Holroyd I*, 464 F. Supp. 3d at 19.  Not only is that an independent reason to deny compassionate release, it also "factor[s] into whether there are extraordinary and compelling reasons for a sentence reduction in the first place." *Id.* (cleaned up).  Although a heart attack is serious, so too is Holroyd's offense and the danger—recognized several times now by the Court—that Holroyd still poses to the public should he leave prison.  Those facts "cut against the existence of extraordinary and compelling reasons" for compassionate release,[4] despite his heart attack.  *Id.* at 20.

*Finally*, Holroyd claims that "the BOP owes him a year of First Step Act credits."  Def's Mot. at 1.  This argument goes nowhere.  As he acknowledges, he cannot receive any credits "until he [has] 24 months left of his remaining sentence."  Mot. at 1.  He still has 45 months left until release, making this argument premature.  More, that Holroyd might be released in 2025 (if he received a year's worth of credits) rather than 2026 "has no bearing on whether he should be released *now*," which is the relevant question at this time.  *United States v. Lawson*, No. CR 03-282-1-JDB, 2022 WL 2663887 at *13 (D.D.C. July 11, 2022) (emphasis in original).

In sum, Holroyd has failed to demonstrate that there are compelling and extraordinary reasons to justify his release.[5]

---

[4]  Recall that the D.C. Circuit affirmed this reasoning.  *See Holroyd*, 825 F. App'x at 1.

[5]  Holroyd says that the BOP approved him for home detention under the CARES Act but reversed that decision when it transferred him to Hazelton.  *See* Mot. at 1.  BOP has the sole discretion to make that decision.  *See United States v. King*, No. 18-cr-318 (JDB), 2021 WL 880029 (D.D.C. Mar. 9, 2021).  The Court cannot disturb it, nor does the BOP's decision on where to house Holroyd bear on whether he has presented extraordinary and compelling reasons for his release from BOP detention.

**B.**

Even if Holroyd had presented "extraordinary and compelling" reasons for release, the factors under 18 U.S.C. § 3533(a) alone justify the denial of compassionate release. *See United States v. Jackson*, 468 F. Supp. 59, 69 (D.D.C. 2020), *aff'd*, 26 F. 4th 994 (D.C. Cir. 2022). The Court has articulated these factors in its previous order and time and again has rejected Holroyd's arguments under them. *See Holroyd I*, 464 F. Supp. 3d at 21-22; *Holroyd II*, 2020 WL 4219823 at *3; Order Denying Mot. at 4–5. The Court incorporates that analysis here by reference. Nothing in Holroyd's latest motion leads the Court to second-guess its previous decisions. Holroyd participated in the drug trade, which perpetuates violence among all who touch it. Considering the characteristics of his crime and the chance that he might revert to his criminal ways once released,[6] the Court stands by its determination that "[a]nything less than a 120-month sentence would not 'reflect the seriousness of the offense' or 'afford adequate deterrence to criminal conduct.'" Order Denying Mot. at 5 (quoting 18 U.S.C. § 3553(a)(2)(C)).

**IV.**

For all these reasons. It is hereby **ORDERED** that the Defendant's [300] Motion for Compassionate Release is DENIED.

Dated: September 22, 2022                                             TREVOR N. McFADDEN, U.S.D.J.

---

[6] Holroyd vows several times in his motion that he has no intent to rejoin the drug trade if released. *See, e.g.*, Mot. at 2. Maybe so, but the Court cannot simply take his word for it, particularly given his history of drug offenses. *See* Order Denying Mot. at 5.